LOUISIANA STATE BANK vs. ROWELL.

APPEAL from the court of the 3d district.

PORTER, J. delivered the opinion of the court. This is an action against the defendant as endorser of a promissory note. The petition charges the responsability in the usual mode.

The answer consists of a general denial, and a plea that the defendant signed her name as surety, and that by law she could not enter into such an engagement.

There was judgment against her in the court of the first instance, and she appealed.

The note is in the following words:—" In three years after date, I promise to pay to Mrs. Sarah Rowell, or order, at the office of discount and deposit of the bank of Louisiana at Baton Rouge, the sum of four hundred and ninety dollars, with interest at the rate of seven per cent., but if not punctually paid, to bear an interest of ten per cent. per annum, from date, agreeably to an act of the general assembly, approved the 24th of January,

*A woman could not previous to the passage of the Louisiana code, bind herself as surety, though she gave to her engagement the form of an endorsement on a note.*

*And she may give parol evidence that she was in fact surety though the instrument on the face of it creates a higher obligation.*

Eastern Dist.
January 1829

Louis. St.
BANK
*vs.*
ROWELL.

1825, value received in the liquidation of a debt to the Louisiana State Bank—this being the third instalment. Baton Rouge, March 12th, 1825." (Signed) Samuel Steer.

(Endorsed) Pay to the order of the Louisiana State Bank, for Sarah Rowell, Samuel Steer per proc.

We decided in the case of *Lacroix* vs. *Coquet,* that a woman could in no case bind herself as surety. That decision was made on a positive law of the Partidas, which on no principle of construction could be considered as repealed by our old civil code. The amendments to that work it is said have produced that effect. This may be so, but as this engagement was entered into previous to the promulgation of these amendments, the case must be decided by the law as it stood anterior to their enactment.

Before the merits of the case can be enquired into, it is necessary to examine the opinion of the judge *a quo*, in relation to the admission of the maker of the note as a witness. He was, as the bill of exception states, called and sworn as a witness on the part of the plaintiffs, and the defendant asking him on the cross examination, "did not the defen-

dant endorse the note, on which this action is instituted, as surety for a debt due by you to the State Bank of Louisiana;" the question was objected to, and the objection was sus- tained by the court.

On the argument here, the competency of the witness has been denied on the provisions of the act of 1823, page 76, which provides " that the drawer of a note, bill of exchange, or other negotiable paper, shall never in any case be admitted as a witness in any civil cause, or suit brought by the holder of any such note, order, bill of exchange, or other negotiable pa- per, against any of the endorsers of said note, &c." The terms of this enactment do cer- tainly exclude the witness offered in this case, but the plaintiffs by examining him as a wit- ness in chief, waved the objection, and confer- red on the defendant the right, in the cross ex- amination, to put to him any legal question.

The legality of the question put to the wit- ness, in this instance, cannot be doubted. If the defendant instead of having passed the note to the plaintiffs for value received by her, was in truth the surety of another for a debt due by him, she had a right to shew it. When the law incapacitates persons from making

Eastern Dist
January 1829

Louis. St.
Bank
vs,
Rowell.

contracts of a particular kind, its provisions cannot be evaded by giving to these contracts a different form from that forbidden by law; when in substance the contract is that prohibited. To sanction such agreements, would be permitting that to be done indirectly, which the law will not permit to be done directly.—Thus we have often decided, that the law which renders wives incapable of becoming sureties for their husbands, could not be evaded by giving to the contract the form of an engagement *in solido.*

It is, therefore, ordered, adjudged, and decreed, that the judgment of the district court be annulled, avoided and reversed; and it is further ordered, adjudged and decreed, that this cause be remanded to the district court, to be proceeded in according to law, the appellee paying the costs of this appeal.

*Denis* for the plaintiff—*Watts* for the defendant.